UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| ANNIE MAE HENDERSON | * | CIVIL ACTION NO. 08-0552 |
| VERSUS | * | JUDGE JAMES |
| JOULE YACHT TRANSPORT, INC. AND ERIC J. LARSON | * | MAGISTRATE JUDGE HAYES |

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is Joule Yacht Transport, Inc. and Eric Larson's unopposed motion to dismiss pursuant to F.R.C.P. Rule 12(b)(6) on the basis that the plaintiff's claim is untimely (doc. # 5).  For reasons stated below, it is recommended that the motion be **GRANTED**.

Plaintiff filed her suit in the United States District Court on April 21, 2008, alleging that defendant, Larson, who is an employee of defendant Joule Yacht Transport, Inc. ("Joule"), operated his vehicle in a careless and negligent manner causing serious damage to plaintiff's property and causing plaintiff serious injury which required her to be hospitalized for an extended period.  The complaint alleges that the accident occurred on August 5, 2006. (doc. # 1)

Under Fed. R. Civ. P. 12(b)(6), Dismissal is proper when a successful affirmative defense, such as the statute of limitations, appears on the face of the pleadings. *Kansas Reins. Co. v. Congressional Mortgage Corp.*, 20 F. 3d 1362, 1366 (5th Cir. 1994); *La Porte Constr. Co. v. Bayshore National Bank*, 805 F. 2d 1254, 1255 (5th Cir. 1986) ("a complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action").

"When the underlying cause of action is based on state law, and federal jurisdiction is based on diversity of citizenship, state law not only provides the appropriate period of limitation

but also determines whether service must be effected within that period." *West v. Conrail*, 107 S.Ct. 1538 (1987).  Article 3492 of the Louisiana Civil Code governs delictual actions such as the one now before the court, and sets a liberative prescription period of one year, running from the date that injury or damage is sustained.  See, *Crowe v. Smith*, 848 F.Supp. 1258 (W.D. La. 1994); *Safford v. Payne-Webber, Inc.*, 730 F.Supp. 15 (E.D. La. 1990).

Because the face of the complaint shows that the incident occurred on August 5, 2006, and that plaintiff's complaint was not filed until April 21, 2008, it is clear that more than one year (in fact, close to two years) elapsed between the time the cause of action arose and the time suit was filed.

Ordinarily, the burden of proof is on the party pleading prescription.  *Lima v. Schmidt*, 595 So. 2d 624, 628 (La. 1992).  Under Louisiana law, however, the plaintiff has the burden of proof in establishing facts which would have the effect of interrupting or avoiding prescription when it appears that the claims have prescribed on the face of the complaint.  *Martens v. North*, 1998 WL 378137 (E.D. La. 1998); *Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994).

Western District of Louisiana Local Rule 7.5  requires that if the respondent opposes a motion to dismiss, he or she shall must file a response, including opposing affidavits, memorandum and supporting documents as are then available, within 15 days after service of the motion.  More than fifteen days have elapsed since defendants filed their motion, and plaintiff has not filed an opposition.

The undersigned finds that the plaintiffs have presented no set of facts which meet their burden of proving that prescription was interrupted in this case.  It is therefore recommended that plaintiffs' claims be **DISMISSED WITH PREJUDICE as Untimely**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific,

written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 2nd day of July, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE